IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GREEN TREE SERVICING, LLC,   :
                              :
     Plaintiff,             :
                              :
v.                              :
                              :    No. 5:14-CV-183 (CAR)
JOYCE RESPERT,           :
FRANCIS RESPERT, and/or   :
OCCUPANT,              :
                              :
     Defendants.          :
_____ :

## ORDER ON DEFENDANT'S MOTION TO REMAND

Before the Court is Plaintiff Green Tree Servicing, LLC's Motion to Remand [Doc. 5] the instant dispossessory action to the Magistrate Court of Macon County, Georgia, removed by Defendants Joyce Respert, Francis Respert, and/or Occupant to this Court.  For the foregoing reasons, Plaintiff's Motion to Remand [Doc. 5] is **GRANTED**.

On June 5, 2013, Plaintiff foreclosed on the property located at 112 Poplar Street, Ideal, Macon County, Georgia (the "Property") pursuant to a foreclosure sale, thereby rendering Plaintiff owner of the Property.  Following the sale, Defendants failed to relinquish possession of the Property, despite receiving notice to vacate.  As a result,

Plaintiff filed a dispossessory action against Defendants in the Magistrate Court of Macon County, Georgia, seeking to remove Defendants from the foreclosed Property.

On May 12, 2014, Defendants, proceeding *pro se*, removed the instant action to this Court.  In their Notice of Removal, Defendant stated that this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  In what appears to be asserted as counterclaims against Plaintiff, Defendants allege Plaintiff deprived them of their property without due process of law in violation of the Fourteenth Amendment and allege Plaintiff violated various federal statutes including the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

Removal to federal court is proper for "[a]ny civil action brought in State court of which the district courts of the United States have original jurisdiction."[1]  Federal courts are courts of limited jurisdiction and only have the power to hear cases that they have been authorized to hear by the United States Constitution or the United States Congress.[2]  However, because federal jurisdiction is limited, the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.[3]

---

[1] 28 U.S.C. § 1441(a).

[2] *Burns v. Winsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

[3] *Id.*

Defendants have attempted to invoke this Court's federal question jurisdiction pursuant to 18 U.S.C. § 1331.  In determining whether jurisdiction exists, a court must look to the well-pleaded complaint alone.[4]  Thus, to meet their burden, Defendants must show that Plaintiff's complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction.

Here, Plaintiff relied exclusively on state law when it filed a dispossessory petition in the Magistrate Court of Macon County.  No federal question is presented on the face of Plaintiff's complaint.  Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely within the state court system.[5]  To the extent that Defendants argue that Plaintiff's dispossessory action violates federal law, a federal statute, a federal cause of action within a counterclaim, or a federal defense is not a basis for removal jurisdiction.[6]

Additionally, in the event Defendants are attempting to invoke this Court's diversity jurisdiction, the Court still lacks requisite jurisdiction because Plaintiff's Complaint does not satisfy the amount in controversy.  District courts only have original jurisdiction pursuant to 28 U.S.C. § 1332 where the civil action is between "citizens of different states" and the amount in controversy "exceeds the sum or value

---

[4] *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[5] O.C.G.A. §§ 44-7-50, *et seq.*

[6] *Wesley Apt. Homes, Inc. v. Andrews*, No. 1:10-cv-3005-TWT-LTW, 2010 WL 5690356, at *2 (N.D. Ga. Dec. 7, 2010); *see Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law … nor one based on federal preemption … renders an action brought in state court removable.").

of $75,000."[7]  Here, Plaintiff's complaint is nothing more than a request for possession of real property belonging to Plaintiff.  A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy.[8]

Based on the foregoing, Plaintiff's Motion to Remand [Doc. 5] is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the cause is hereby **REMANDED** to the state forum for further proceedings because this Court lacks subject matter jurisdiction.  The Clerk of the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the Magistrate Court of Macon County, Georgia, Case No. 14-2865DS.

**SO ORDERED,** this 30th day of June, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH

---

[7] 28 U.S.C. § 1332(a)(1).

[8] *CitiMortgage, Inc. v. Shinoja*, No. 1:10–cv–816–TCB, 2010 WL 1485674, at *3 (N.D. Ga. Apr. 13, 2010); *Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07–CV–2864–RWS, 1:07–CV–2865–RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); *Novastar Mortg. Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002).